United States District Court
Southern District of Texas
FILED

JAN 1 6 2018

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. M-17-1691-S1 |
| ANNETTE GARZA | § | |
| CARMEN SALDANA MEYER | § | |
| REBEKHA BONACHEA | § | |
| also known as Wanda Ivette Rodriguez Robles | § | |
| also known as Juventino Cruz Olivarez | § | |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At all times material to this Indictment:

1. The Federal Deposit Insurance Corporation ("FDIC") was an agency of the federal government which insured the deposits of member banks against loss up to $100,000 with the purpose of preventing their collapse and instilling public confidence in the nation's banking institutions.

2. International Bank of Commerce ("IBC"), WellsFargo ("WF"), and First Financial Bank ("FFB"), were financial institutions, the deposits of which were insured by the FDIC.

### COUNT ONE
### CONSPIRACY TO COMMIT MAIL FRAUD

3. The Grand Jury re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-2 of the indictment.

4. On or about July 29, 2015 through August 25, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**ANNETTE GARZA**
**CARMEN SALDANA MEYER**
**and**
**REBEKHA BONACHEA**
**also known as Wanda Ivette Rodriguez Robles**
**also known as Juventino Cruz Olivarez**

and other persons known and unknown to the grand jurors, did knowingly combine, conspire, confederate, and agree with one another to intentionally and knowingly devise, and attempt to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and in execution of said scheme and artifice, placed and cause to be placed in any post office or authorized depository for mail matter, or received or took therefrom, a matter or thing to be sent and delivered by the United States Postal Service or any private or commercial interstate carrier, in violation of Title 18, United States Code, Section 1341.

**MANNER AND MEANS OF THE CONSPIRACY**

It was a part of the conspiracy that:

5. Conspirators would obtain checks issued by business entities. The conspirators would then fraudulently alter the named payee contained within the check to reflect a new payee.

6. Conspirators would then mail the fraudulently obtained checks through the United States Postal Service to other co-conspirators to attempt to conceal the identity and source of the fraudulently issued checks.

7. Conspirators would then receive or take the fraudulently issued checks from the United States Postal Service, which would be fraudulently deposited into a bank account for withdrawal by the conspirators at a later date.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

8. In furtherance of the conspiracy, and to effect the objects thereof, the defendants performed and caused to be performed, among others the acts set forth in Count Two of this indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the Indictment.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## MAIL FRAUD

9. The Grand Jury re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-2 of the indictment.

## THE SCHEME TO DEFRAUD

10. On or about July 29, 2015 through August 25, 2015, in the Southern District of Texas and and elsewhere within the jurisdiction of the Court, defendants,

**ANNETTE GARZA**
**CARMEN SALDANA MEYER**
**and**
**REBEKHA BONACHEA**
**also known as Wanda Ivette Rodriguez Robles**
**also known as Juventino Cruz Olivarez**

did intentionally and knowingly devise, and attempt to devise a scheme and artifice to defraud WF FFB, and IBC, financial institutions, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and in execution of said scheme and artifice, placed and cause to be placed in any post office or authorized depository for mail matter, or received or took therefrom, a matter or thing to be sent and delivered by the United States Postal Service or any private or commercial interstate carrier, according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, all as more fully set forth below.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

It was a part of the conspiracy that:

11. Among the manner and means by which the defendant sought to accomplish and did accomplish the purpose of the scheme to defraud were the acts set forth in Paragraphs 5-7 of this Indictment, hereby re-alleged and incorporated by the grand jury as if fully set forth in this of the Indictment.

## ACTS IN FURTHERANCE OF THE SCHEME

12. In furtherance of the scheme, on or about August 14, 2015, Defendant **REBEKHA BONACHEA** knowingly mailed or caused to be mailed by the United States Postal Service, three fraudulent checks totaling $126,177.00 to 1300 North 10th Street, Suite 210, McAllen, Texas, where they were to be received by **ANNETTE GARZA and CARMEN SALDANA MEYER**. The check funds were to be drawn from bank accounts at WF and FFB.

13. Defendants **ANNETTE GARZA and CARMEN SALDANA MEYER** knowingly received the fraudulent checks from the United States Postal Service on August 17, 2015.

14. Defendants **ANNETTE GARZA and CARMEN SALDANA MEYER** then knowingly fraudulently deposited the checks into an IBC bank account on August 17, 2015.

15. On August 21, 2015, ninety thousand dollars ($90,000.00) of the funds derived from the fraudulently altered checks were withdrawn from the IBC bank account and provided to the Defendants.

16. On August 25, 2015, twenty five thousand dollars ($25,000.00) of the funds derived from the fraudulently altered checks were withdrawn from the IBC bank account and provided to the Defendants.

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE
## CONSPIRACY TO COMMIT BANK FRAUD

17. The Grand Jury re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-2 of the indictment.

18. On or about July 29, 2015 through August 25, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**ANNETTE GARZA**
**CARMEN SALDANA MEYER**
**and**
**REBEKHA BONACHEA**
**also known as Wanda Ivette Rodriguez Robles**
**also known as Juventino Cruz Olivarez**

and other persons known and unknown to the grand jurors, did knowingly combine, conspire, confederate, and agree with one another to intentionally and knowingly devise, and attempt to devise a scheme and artifice to defraud a financial institution, namely, IBC, WF, and FFB, to obtain money, funds, and property owned by and under the control of said financial institutions by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

### MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that:

19. The conspirators would receive fraudulently issued checks through the United States Postal Service and fraudulently deposit said checks into a bank account for withdrawal by the conspirators at a later date.

### ACTS IN FURTHERANCE OF THE CONSPIRACY

20. In furtherance of the conspiracy, and to effect the objects thereof, the defendants performed and caused to be performed, among others the acts set forth in Count Four of this indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the Indictment.

All in violation of Title 18, United States Code, Section 1349.

## COUNT FOUR
## BANK FRAUD

21. The Grand Jury re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-2.

22. On or about July 29, 2015 through August 25, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**ANNETTE GARZA**
**CARMEN SALDANA MEYER**
**and**
**REBEKHA BONACHEA**
**also known as Wanda Ivette Rodriguez Robles**
**also known as Juventino Cruz Olivarez**

did intentionally and knowingly devise, and attempt to devise a scheme and artifice to defraud a financial institution, namely, IBC, WF, and FFB, to obtain money, funds, and property owned by and under the control of said financial institutions by means of false and fraudulent pretenses, representations, and promises.

In violation of Title 18, United States Code, Section 1344 and 2.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

23. Among the manner and means by which the defendant sought to accomplish and did accomplish the purpose of the scheme to defraud were the manner and means set forth in Paragraph 19 of this Indictment, hereby re-alleged and incorporated by the grand jury as if fully set forth in this of the Indictment.

## ACTS IN FURTHERANCE OF THE SCHEME

24. In furtherance of the scheme, to effect the objects thereof, the defendants performed and caused to be performed, among others the acts set forth in paragraphs 12-16 of this indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the Indictment.

All in violation of Title 18, United States Code, Section 1344.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. 2461(c)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to defendants,

**ANNETTE GARZA**
**CARMEN SALDANA MEYER**
and
**REBEKHA BONACHEA**
also known as Wanda Ivette Rodriguez Robles
also known as Juventino Cruz Olivarez

that in the event of conviction for the offenses charged in the Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting specified unlawful activity, including conspiracy to commit such an offense, as provided by Title 18, United States Code, Section 981(a)(1)(C).

The property subject to forfeiture includes, but is not limited to, the following property: approximately $126,176.00 in United States currency.

### Money Judgment

Defendant is notified that upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY